UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**DOUSSAN PROPERTIES, LLC.**                                  **CIVIL ACTION**

**VERSUS**                                                               **NO. 06-4167**

**UNION INDUSTRIAL GAS**                                    **SECTION "T"(1)**
**& SUPPLY, INC. et al.**

### ORDER AND REASONS

Before the Court is Defendants Union Industrial Gas & Supply, Inc., Doussan Gas and Supply LLC, and Gas Holdings Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction. Rec. Doc. No. 30 . This motion was set for hearing on July 25, 2007 on the briefs. The Court is fully advised in the premises and ready to rule. For the following reasons, the motion is GRANTED.

**I.     BACKGROUND**

Plaintiff Doussan Properties, LLC ("Doussan Properies") filed this action on August 9, 2006 against Union Inudstrial Gas and Supply, Inc. (properly "Union Industrial Gas Group, Inc."), Doussan Gas and Supply, LLC and Gas Holdings, Inc. Rec. Doc. No. 1 . The plaintiff acted as landlord in connection with a lease of a warehouse property terminated by lessee Doussan Gas and Supply following Hurricane Katrina. Union is a former lessee and Gas Holdings is Doussan Gas and Supply's manager. The dispute arises out of defendant's alleged duty to insure the property sufficient to cover the value of the premises and defendants failure to do so. Rec. Doc. No. 1, ¶ VI-VIII. Plaintiff alleges that the defendants breached the terms of the lease and as such plaintiff is entitled to damages in the amount of the difference between the

level at which the defendants did insure the property and the plaintiff's loss.  Plaintiff also seeks attorneys' fees and costs under the terms of the lease.

Defendants filed this Motion to Dismiss on May 17, 2007, alleging that the Court lacks subject matter jurisdiction to exercise jurisdiction over the case. [Rec. Doc. No. 30]. The basis for federal jurisdiction asserted in the Complaint was diversity of citizenship under 28 U.S.C. §1332. [Rec. Doc. No. 1, ¶ II].

## II.     MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Title 28, United States Code, Section 1332(a)(1) states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. §1332.  Here the defendants are not disputing that the amount in coverage is over $75,000, but that the complete diversity component has not been met.  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." See St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir.1998). For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. Strawbridge v. Curtiss, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

Plaintiff Doussan Properties, LLC is a limited liability company organized under the laws of Louisiana.  Rec. Doc. No. 1 ¶ I.  Union Industrial Gas Group is a Nevada corporation with its principal place of business in the state of Texas. Id.  Doussan Gas and Supply is a Texas limited liability company with its principal place of business in Louisiana and Gas Holdings, Inc. is a Nevada corporation with its principal place of business in Texas. Defendant seeks dismissal on the premise that a limited liability company, such as plaintiff Doussan Properties, or defendant

Doussan Gas, is a citizen of all the states in which it has a member citizen.

Defendants cite Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015 (U.S. 1990), wherein the Supreme Court held that citizenship of limited partners had to be taken into account to determine diversity of citizenship among the parties. An LLC, while not a limited partnership, is another type of unincorporated association. At least one district court in the 5th Circuit has addressed the issue of citizenship in the context of LLCs: the United States District Court for the Western District of Texas in Standard Aero, Inc. v. Kelly Aviation Center, LP, 2006 WL 504055 (W.D. Tex. 2006). The parties in that case were SASAI, a Texas corporation with principal place of business in Texas, and KAC, a Delaware limited partnership with four partners. Id. at *1. One of the partners of KAC was an LLC, KAC Management LLC. Id. As the Supreme Court in Carden decided that a limited partnership is a citizen in all states in which it has partner citizens, the court in the Western District of Texas was then called upon to determine the citizenship of the LLC partner. Id. (citing Carden, 494 U.S. at 195). The court in Standard Aero conducted an analysis of whether LLCs are more akin to corporations, because LLC members avoid personal liability, or whether LLCs are more akin to partnerships. Id. at *3.

The court in Standard Aero concluded that LLCs were more akin to partnerships, and therefore like limited partnerships, the court looked to its members' citizenship in establishing diversity jurisdiction. Id. In thus finding, the court concluded that complete diversity did not exist as the citizenship of one of the members of the LLC was non-diverse from plaintiff Standard Aero. Id.

The Court notes that while the Fifth Circuit has not directly ruled on this issue, see Unity Communications Inc. v. Unity Communications of Colorado LLC, 205 Fed.Appx. 546, 547 n. 1 (5th Cir.2004), "every circuit that has addressed the question treats [LLC's] like partnerships for

the purposes of diversity jurisdiction." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006)(citing Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir.2004); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir.2004); Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir.2004); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir.2000); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998)).

As the plaintiff has filed no formal opposition to this motion, and bears the burden of proving federal jurisdiction, the Court finds in accord with Standard Aero and the other circuit courts in holding that an LLC is a citizen in every state in which it has citizen members. 2006 WL 504055 (W.D. Tex. 2006).

Because Leonard B. Doussan, Jr., a Louisiana citizen, is a member of both the plaintiff Doussan Properties LLC, and defendant Doussan Gas and Supply LLC, complete diversity is lacking.

Accordingly, the case is DISMISSED for lack of Subject Matter Jurisdiction.

New Orleans, Louisiana, this 27th day of July, 2007.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE